The STATE of Ohio, Appellee,

v.

MATEO, Appellant.

[Cite as *State v. Mateo*, 150 Ohio App.3d 489, 2002-Ohio-6852.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–020356.

Decided Dec. 13, 2002.

Michael K. Allen, Hamilton County Prosecuting Attorney, and Emma Seta, Assistant Prosecuting Attorney, for appellee.

Herbert E. Freeman, for appellant.

PAINTER, Presiding Judge.

{¶ 1} Appellant, Miguel Mateo, through an interpreter, pleaded guilty to attempted tampering with records, a fourth-degree felony. The trial court accepted the plea and sentenced Mateo to a 12–month prison term. On appeal, Mateo challenges the imposition of the prison term.

{¶ 2} When imposing a sentence for a fourth-degree felony, a sentencing court must be guided by R.C. 2929.13(B)(1) and must consider whether any of the enumerated factors apply. If it determines that one of the factors is applicable, that prison is consistent with the purposes and principles of sentencing, and that the offender is not amenable to community control, the court must impose a prison term. If the court determines that none of the enumerated factors apply and, after considering the factors in R.C. 2929.12, finds that community-control sanctions are consistent with the principles and purposes of sentencing set forth in R.C. 2929.11, the court must impose a community-control sanction. In some situations, a sentencing court might not find the R.C. 2929.13(B) factors applicable but might determine that a prison sentence is appropriate. In those situations, the sentencing court may impose a prison sentence " 'if it finds that, consistent with the purposes and principles of sentencing, an offender is not amenable to community control' " pursuant to R.C. 2929.13(B)(1).[1]

---

1. *State v. Brown* (2001), 146 Ohio App.3d 654, 658, 767 N.E.2d 1192, quoting *State v. Brewer* (Nov. 24, 2000), 1st Dist. No. C–000148, 2000 WL 1732335.

{¶ 3}   In this case, there is nothing in the record to demonstrate that the sentencing court considered any of the sentencing factors in any of the applicable statutes.   The record contains a felony-sentencing worksheet signed by the court. The worksheet is unmarked.   At the sentencing hearing, the trial court stated that, based on the presentence investigation, there was a presumption that Mateo should be placed on community control.   It then said, "However, it seems to me to place you under community control would be—the Court would be aiding and abetting—a course of criminal conduct by you—because you would be in violation of the laws of the United States—because you are here illegally.—The court will not aid and abet your violation of our laws."   (The dashes indicate the interpreter's translation of the statements made by the trial court and Mateo's responses of "Si.")

{¶ 4}   So, because Mateo was in the United States illegally and subject to being immediately deported, the trial court refused to "aid and abet" Mateo's freedom to remain in the United States by keeping him in prison for a year.

{¶ 5}   The record discloses that the trial court sentenced Mateo to prison, in spite of the contrary presumption, merely because of his status as an illegal alien. We have found no case law that allows a trial court to ignore the felony-sentencing statutes and to imprison a person merely because he is in this country illegally.   While Mateo's illegal-alien status may have had some bearing as an "other relevant factor" under R.C. 2929.12, other courts, when mentioning an illegal alien's status as such, have focused on the offense at issue and have complied with the sentencing statutes, without consideration of the offender's illegal-alien status.[2]

{¶ 6}   The sentencing court is required by statute and case law to find that imprisonment is consistent with the purposes of felony sentencing under R.C. 2929.11.   The purposes of felony sentencing are to protect the public from future harm and to punish the offender.[3]   The sentence imposed must be reasonably calculated to achieve those purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."[4]   To make its determination under R.C. 2929.11, the sentencing court must consider the seriousness and recidivism factors under R.C. 2929.12

**2.**  See *State v. Arcos*, 10th Dist. No. 01AP–1427, 2002-Ohio-4041, 2002 WL 1821760 (imposition of prison term, more than minimum term, and consecutive sentences); *State v. Licardi* (Feb. 4, 1999), 8th Dist. No. 72171, 1999 WL 61003 (maximum sentence).

**3.**  R.C. 2929.11(A).

**4.**  R.C. 2929.11(B).

and any other factors that are relevant to achieving the principles and purposes of sentencing.[5]  The statute does not allow a sentencing court to ignore the statutory factors if it deems a nonstatutory factor relevant.  The statute clearly states that the consideration of any "other relevant factor" is *in addition to* consideration of the statutory factors.

{¶ 7}  Here, the trial court failed to specify that prison was consistent with sentencing purposes.  It also failed to state expressly that Mateo was not amenable to community control.  As we have previously explained, "Concededly, the trial court was not required to pronounce the talismanic words to comply with the guidelines and factors for sentencing.  Still, it must be clear from the record that the trial court made the required statutory findings under R.C. 2929.13(B).  The Ohio Supreme Court has held that, even when a sentencing statute such as R.C. 2929.13(B) does not expressly require that the trial court give its reasons for its findings, the requirement of a 'finding' is still not satisfied unless the trial court (1) notes that it engaged in the required analysis and (2) selects one of the statutory criteria."[6]  Because the trial court in this case failed to engage in the statutorily mandated analysis before imposing a prison sentence for a fourth-degree felony, we sustain Mateo's assignment of error.

{¶ 8}  The prison sentence imposed on Mateo is vacated, and this case is remanded to the trial court for resentencing.

Sentence vacated
and case remanded.

GORMAN and SUNDERMANN, JJ., concur.

---

**5.**  R.C. 2929.12(A).

**6.**  *State v. Brewer,* supra, at fn. 1, citing *State v. Edmonson* (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131.