[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} After a jury trial, the defendant-appellant, Donta McCoy, was convicted of possession of cocaine, a violation of R.C. 2925.11(A), and a fifth-degree felony. McCoy was sentenced to a twelve-month period of incarceration in the Department of Corrections. On appeal, McCoy now raises two assignments of error.
{¶ 3} In the first assignment of error, McCoy contends that the jury's guilty verdict was against the manifest weight of the evidence, and that there was insufficient evidence to support the conviction. "A reviewing court considering a manifest-weight claim `reviews the entire record, weighs the evidence and all reasonable inferences, [and] considers the credibility of witnesses.'"[1] The question for the reviewing court is "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction."[2]
{¶ 4} In the review of a claim of insufficient evidence, the relevant inquiry is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt.[3] Whether the evidence is legally sufficient to sustain a conviction is a question of law.[4] The conviction will not be disturbed unless the reviewing court concludes that reasonable minds could not have reached the conclusion reached by the trier of fact.[5]
{¶ 5} R.C. 2925.11(A), which governs possession of drugs, cocaine in this instance, provides, "No person shall knowingly obtain, possess, or use a controlled substance." In this case, the record shows that the Cincinnati police department was conducting an operation to monitor events at a location that was a suspected venue for drug sales. Complaints had been received from the community about the location. One officer was observing the location from across the street. He made a radio call to one of several officers closer to the location because he saw what looked to be a drug transaction take place. He gave a description to the officer nearer the action, who approached McCoy. As the officer approached, another individual standing with McCoy ran from the scene. At this time, the officer saw McCoy drop a plastic baggie from one hand. The officer identified at trial both McCoy and the dropped bag recovered at the scene. The substance recovered from the dropped bag was tested and determined to be .26 grams of cocaine. After reviewing the record, we cannot say that this is the exceptional case in which the evidence weighs heavily against the conviction, and it is therefore not a candidate for reversal on weight-of-the-evidence grounds.[6] It was within the discretion of the trier of fact to believe the prosecution's witnesses and to reject the evidence advanced by McCoy, who also testified at trial.[7] Moreover, after viewing the evidence in the light most favorable to the state, we hold that a rational trier of fact could have found that the state had proved the elements of possession of cocaine beyond a reasonable doubt. Accordingly, the first assignment of error is overruled.
{¶ 6} In the second assignment of error, McCoy contends that the trial court, as a matter of law, erred when it sentenced him. McCoy argues that the trial court erred in imposing a maximum prison sentence without making the required findings, and that the court failed to inform him about post-release control. Twelve months' incarceration is the maximum sentence for a fifth-degree felony.
{¶ 7} To impose a maximum sentence upon one who is not a major drug offender or a repeat violent offender, a trial court must find that the felon either has committed the worst form of the offense or poses the greatest likelihood of recidivism.[8] A trial court sentencing an offender to a maximum prison term must make the required findings and specify on the record its reasons supporting those findings.[9] But talismanic words are not required to comply with the guidelines and factors for sentencing.[10] The trial court noted in this case on the record that McCoy had previously been incarcerated for at least two other drug offenses, thus satisfying one of the factors that permit incarceration for a low-level felony.[11] The trial court also noted that McCoy was not amenable to community control and that prison was consistent with the purposes of sentencing. At the sentencing hearing, the trial court properly concluded that McCoy posed the greatest likelihood of recidivism in that his record showed that he was a career criminal with multiple incarcerations for a variety of offenses, thus meriting the longest prison term permitted so as to be kept off the streets of Cincinnati.[12] After reviewing the record, we conclude that the trial court made the required findings and specified on the record its reasons supporting those findings when it imposed the maximum sentence.
{¶ 8} Concerning the failure to verbally notify McCoy about the possibility of post-release control, we have reviewed the record and conclude that notification was not given by the trial court. Thus, we sustain only that portion of the second assignment of error concerning the failure to notify McCoy about post-release control.[13] We remand this case to the trial court for the limited purpose of advising McCoy about post-release control.
{¶ 9} Therefore, we affirm the judgment of the trial court in part and reverse it in part and remand for further proceedings consistent with this Judgment Entry.
{¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] State v. Group, 98 Ohio St.3d 248, 259, 2002-Ohio-7247,781 N.E.2d 980, at ¶ 77, quoting State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717.
[2] See State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717;State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[3] See Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781;State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[4] See Thompkins at 387, 1997-Ohio-52, 678 N.E.2d 541.
[5] See id. at 273, 574 N.E.2d 492.
[6] See Group, supra, at 260, 781 N.E.2d 980, at ¶ 86.
[7] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[8] See R.C. 2929.14(C); State v. Dejanette, 1st Dist No. C-010693, 2002-Ohio-4802, at ¶ 8, appeal denied in 98 Ohio St.3d 1424,2003-Ohio-259, 782 N.E.2d 78.
[9] See R.C. 2929.19(B)(2)(d); State v. Edmonson, 86 Ohio St.3d 324,328, 715 N.E.2d 131.
[10] See State v. Mateo, 150 Ohio App.3d 489, 2002-Ohio-6852,782 N.E.2d 131, at ¶ 7.
[11] See R.C. 2929.13(B)(1)(g).
[12] See R.C. 2929.14(C); Dejanette, supra.
[13] See Dejanette, supra, at ¶ 14-15; State v. Hoffert, 1st Dist. No. C-020168, 2002-Ohio-6343, at ¶ 20; State v. Lattimore, 1st Dist. No. C-010488, 2002-Ohio-723, at ¶ 31-33.