[Cite as *State v. Curry*, 2024-Ohio-4858.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JAVANTE JUWAN CURRY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 MA 0016

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2022 CR 00592

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor and *Atty. Edward A. Czopur*, Assistant Prosecutor, for Plaintiff-Appellee

*Atty. Martin E. Yavorcik*, for Defendant-Appellant

Dated: September 18, 2024

---

**WAITE, J.**

{¶1} Appellant Javante Juwan Curry appeals from the trial court's decision to overrule his motion to suppress in this matter. Police found illegal drugs in his apartment while executing a search warrant, but Appellant argues that the search warrant was not based on probable cause. Due to the circumstances listed in the affidavit supporting the search warrant, there was probable cause for the search. Even if the warrant had not been supported by probable cause, the good faith exception to the exclusionary rule would apply under the facts of this case. Appellant's sole assignment of error is overruled, and the conviction and sentence are affirmed.

<u>Facts and Procedural History</u>

{¶2} On October 27, 2022 Appellant was indicted in the Mahoning County Court of Common Pleas on one count of possession of fentanyl, a first degree felony pursuant to R.C. 2925.11(A), (C)(11)(g), with a major drug specification; one count of possession of cocaine, a third degree felony under R.C. 2925.11(A), (C)(4)(c); one count of possession of marijuana, a fifth degree felony pursuant to R.C. 2925.11.(A); (C)(3)(c); and possession of drug paraphernalia, a fourth degree misdemeanor under R.C. 2925.14(C)(1).

{¶3} The incident leading to the charges began on March 25, 2022. A woman called the Boardman Police Department at 2:30 a.m. reporting an incident of domestic violence near 91 Sciota Avenue. The caller stated that she had been driving her boyfriend, Lewer Dent, III ("Dent") to that address, when he assaulted her in her car while brandishing a pistol. When he exited her car, Dent then entered 90 Sciota Avenue, apartment #4. Officers Ciccotelli and Moss, and Sgt. Sheely, met the victim outside the

apartment and waited for Dent to appear. Officers Tallman and Rusyn also arrived at the scene.

{¶4} As the officers stood watch, they saw a man carrying a Door Dash bag exit the building. Door Dash is a food delivery service. This man was later identified as Brandon Robert Emery. Emery told the officers that he was taking out some trash to the dumpster. The officers examined the bag he carried and found a pair of Nike shoes. Inside the shoes were a 9mm Taurus pistol and a magazine with 6 bullets. Emery said that Dent told him to discard the items in the dumpster.

{¶5} The officers conducted a pat down search of Emery and found a baggie in his pants pocket that contained white powder. Emery said it was cocaine and that he was "set up" by Dent and others in the apartment. (3/10/23 State's Response, Exh. 2, Affidavit.)

{¶6} The officers waited for Dent to exit the building, and when he did they arrested him based on the report of domestic violence. Because both Emery and Dent had come from apartment #4, the officers went to the apartment to further investigate. They were met by three people, including Appellant. Appellant informed them that he was the sole resident of the apartment. The officers asked, but were not give permission, to undertake a search in the apartment. The officers exited the apartment, secured the front door to prevent the destruction of any evidence inside the apartment, and began the process of obtaining a search warrant. Detective Stepuk, who had been at the scene, prepared the affidavit in support. The warrant was approved by Mahoning County Court Judge Houser without a hearing, and was served on Appellant at 5:51 a.m. Various illegal drugs were found on the premises, along with bags of marijuana, digital scales, cell

phones, a bag of bullets, and an ammunition magazine containing one live round. Appellant was arrested and charged with four drug crimes. He was indicted on October 22, 2022.

{¶7} On February 28, 2023, Appellant filed a motion to suppress. The state responded on March 10, 2023. Appellant filed a supplemental motion to suppress on April 11, 2023. For reasons not clear from the record, the suppression hearing was continued and then cancelled, and the motion was heard on the briefs. The court denied the motion to suppress on July 19, 2023.

{¶8} On September 13, 2023, Appellant filed a motion to reconsider the ruling on the motion to suppress. The motion for reconsideration was heard on November 16, 2023, and was overruled on November 21, 2023. Appellant then pleaded no contest to counts one, two, and three of the indictment on December 28, 2023. The state agreed to dismiss the major drug offender specification and the misdemeanor charge. The case proceeded immediately to sentencing, where the court imposed a mutually agreed upon sentence of three to four-and-one-half years in prison on count one, thirty-six months on count two, and twelve months on count three, to be served concurrently, for a total of three to four-and-one-half years in prison. The final judgment of sentence was filed on January 2, 2024. This appeal was filed on January 29, 2024. Appellant raises one assignment of error on appeal.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS THE SEARCH WARRANT ISSUED.

<u>Case No. 24 MA 0016</u>

**{¶9}** Appellant argues that a search warrant can only be issued if there is probable cause to conduct the search. He contends there must be reasonable cause to believe that the items sought are located on the property, and there must be a nexus between the place searched and the criminal activity under investigation. Appellant argues the affidavit supporting the search warrant did not state that Appellant was using or selling drugs; that drug activity was happening in the apartment; or that Appellant was using or storing firearms. The affidavit does not include a statement from either Emery or Dent that contraband was likely to be found in the apartment. A protective sweep of the apartment did not reveal any drugs or weapons that posed a security risk. Emery and Dent were arrested outside of Appellant's apartment, and neither was a resident of the apartment. Appellant concludes that, based on the totality of the circumstances, the affidavit and circumstances related to the known crimes charged did not support probable cause to conduct the search.

**{¶10}** Appellant is partially correct that the totality of the circumstances is considered in evaluating the validity of a search warrant. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); see also *State v. Jones*, 2015-Ohio-483, ¶ 1. When a search warrant is issued without a hearing, the circumstances supporting the warrant must be found from the affidavit submitted in support of the warrant. "When oral testimony is not offered in support of a search-warrant affidavit, the magistrate determines the sufficiency by 'evaluating only [the facts alleged within] the four corners of the affidavit and [applying]

an objective reasonableness standard.' " *State v. Hilliard*, 2022-Ohio-2849, ¶ 17, quoting *State v. Castagnola*, 2015-Ohio-1565, ¶ 39; *see also United States v. Richards*, 659 F.3d 527, 559 (6th Cir. 2011). "[T]he reviewing court is concerned exclusively with the statements contained within the affidavit itself." *Castagnola* at ¶ 39, quoting *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996).

{¶11} In reviewing an affidavit submitted in support of a search warrant, appellate courts accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases should be resolved in favor of upholding the warrant. *State v. George*, 45 Ohio St.3d 325 (1989), paragraph two of the syllabus, citing *Gates*, 462 U.S. 213 (1983). The question before the reviewing court is whether the magistrate approving the search warrant had a substantial basis for concluding that probable cause existed. *George* at 329.

{¶12} "To establish probable cause to issue a search warrant, an affidavit must contain sufficient information to allow a magistrate to draw the conclusion that evidence is likely to be found at the place to be searched." *State v. Ward*, 2005-Ohio-3036, ¶ 9 (1st Dist.). "Probable cause exists when a reasonably prudent person would believe that there is a fair probability that the place to be searched contains evidence of a crime." *State v. Bugno*, 2022-Ohio-2008, ¶ 32 (7th Dist.).

{¶13} Appellee agrees that whether or not probable cause existed to issue the search warrant must be found in the supporting affidavit. It is clear, though, that many of the facts on which Appellant relies to support his appeal are not in the record, here. Appellant mentions a blue-handled gun, the police gathering in the parking lot of a car wash, the appearance of a drug-sniffing dog, a statement from Emery that he was at the

apartment to clean, a bedroom with a padlock, and many other facts which are not mentioned in the record or the affidavit and are irrelevant to this appeal.

{¶14} The affidavit states that officers were dispatched to the location in response to a domestic violence incident involving a gun. The victim said she and her boyfriend Dent had an argument in an automobile parked at 91 Scioto Avenue. Dent threatened her and displayed a handgun. Dent exited the vehicle and went into the apartment of a friend at 90 Scioto Avenue, apartment #4. Police approached 90 Scioto Avenue and encountered Brandon Emery exiting the apartment holding a red plastic Door Dash bag. Emery stated that he was taking out the trash. Police examined the bag and found a pair of Nike shoes. There was a small 9mm gun in one shoe. The bag also contained a 9mm ammunition magazine. Emery said that Dent told him to discard the bag in the dumpster. The police searched Emery and found a plastic bag with white powder. Emery told them it was cocaine and that he was "set up" by Dent and others in the apartment. Emery was arrested for possession of drugs and tampering with evidence.

{¶15} The affidavit further states that Dent then came out of the apartment and was placed under arrest for domestic violence and aggravated menacing. The affidavit states that Appellant Javante Curry was present at the scene and that the apartment was his. Police asked Appellant for consent to search his apartment but he refused. Police secured the perimeter of the apartment and then obtained a search warrant for 90 Scioto Avenue, apartment #4.

{¶16} Detective Greg Stepuk prepared the affidavit. He stated in the affidavit that he was a police officer with the Boardman Police Department for 28 years, and was assigned to the Special Operations Division for 19 years. He stated that he conducted

numerous investigations resulting in successful prosecutions, and he had training in the investigation of criminal offenses and evidence collection. He stated that the recovered firearm may have been related to the domestic violence incident, but that Dent's act of concealing himself in the apartment was suspect. Detective Stepuk believed through prior knowledge and experience that additional firearms, narcotics, and fruits of illegal drug possession or trafficking were present in the apartment.

{¶17} These are the only facts the judge had before him and on which he could rely in issuing the search warrant. There was a report of domestic violence with a gun involved. The victim told police the name of the perpetrator, Dent, and where he was located. While investigating the location, a man exited the apartment carrying a bag containing a gun and ammunition. He also had cocaine on his person and claimed he was "set up" with the cocaine by other people in the apartment. The police arrested him. Dent then exited the apartment. The police arrested him. They went to search the apartment for further evidence of the crimes they were investigating, *i.e.*, domestic violence and possession of cocaine. Appellant was at the scene and said he was the sole resident of the apartment. As he refused consent to search, a search warrant was sought. Once the warrant issued, the apartment was searched and drugs were found, leading to the charges against Appellant.

{¶18} Evidence relating to two crimes was clearly presented in the affidavit. Appellant's apartment is connected to both crimes, and Appellant himself was at the scene. It is certainly reasonable that more evidence of these crimes could be located in the apartment. If the victim was injured during the domestic violence assault, there could be evidence of blood, torn clothing, or other items linking Dent to the crime. There is a

report in the record indicating that Dent struck the victim multiple times and pulled out her earring. Dent could have had blood on his clothes, and he may have disposed of the clothing in the apartment. The earring could have been found in the apartment. A gun and bullets were found in the apartment, and a gun was involved in the domestic violence assault. At the time that the warrant was being sought it was not clear that the gun Emery attempted to dispose of was the one Dent wielded when he committed the domestic violence assault.

{¶19} The need to investigate drug crimes is also clear from the affidavit. Emery had cocaine in his pocket and had been attempting to dispose of a gun. He blamed others in the apartment for the presence of the cocaine and for being caught trying to dispose of the gun. There was quite a bit of activity in and out of Appellant's apartment by people other than Appellant. In Stepuk's opinion, this was indicative of drug possession and trafficking.

{¶20} The apartment is clearly connected to both crimes under investigation, and Appellant told police it was his apartment and his alone. Based on the four corners of the affidavit, probable cause to search the apartment for further evidence of both crimes was presented.

{¶21} Appellant contends there was no need for any further investigation once the gun was taken into evidence. Appellant argues that it was Dent who committed domestic violence with a gun, not himself. He also argues it was Emery who had drugs on his person, and the drugs were found outside the apartment. Thus, Appellant claims that neither he nor his apartment could be linked to either an investigation into other firearms or any drug crime.

**{¶22}** Appellant simply ignores both the language of the affidavit and its implications. There could have been more evidence relating to domestic violence other than the firearm, and officers were not certain the gun found in the garbage bag was the gun brandished during the assault. The affidavit links the apartment to the crimes being investigated in multiple ways. Dent entered the apartment. Emery was in the apartment, and was found in possession of cocaine immediately after leaving the apartment. He claimed the people in the apartment "set up" his encounter with the police. It was possible Emery was forced to act as a decoy to lure the police away from the apartment. It was also possible he was lying and was simply trying to cover up his own purchase and possession of drugs. The apartment was the common factor in both police investigations, and this is certainly enough of a nexus to support probable cause for a search warrant.

**{¶23}** Appellee additionally responds that even if the search warrant was flawed and was not supported by probable cause, the good faith exception to the exclusionary rule applies to prevent the exclusion of the evidence collected in the search. "[T]he Fourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." *State v. George*, 45 Ohio St.3d 325, 330 (1989), citing *United States v. Leon*, 468 U.S. 897 (1984); see also *State v. Wilmoth*, 22 Ohio St.3d 251 (1986).

**{¶24}** We note that even in cases where the good faith exception prevents application of the exclusionary rule, there are four circumstances, i.e., exceptions to the exception, in which evidence may still be suppressed. Suppression remains an

appropriate remedy where: (1) the magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) the magistrate wholly abandoned his or her judicial role; (3) an officer purports to rely on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) a warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid. *George* at 331, citing *Leon* at 923.

**{¶25}** Appellant contends that the warrant in this case is so lacking in indicia of probable cause it was unreasonable for anyone to rely on it. Appellant compares this case to *United States v. McPhearson*, 469 F.3d 518 (6th Cir. 2006). In that case, police went to Mr. McPhearson's home to arrest him on an outstanding warrant for simple assault. McPhearson answered the door and the police arrested him on his porch. He was searched when arrested and police found 6.9 grams of cocaine. Police then obtained a search warrant for his home. The warrant was based on the theory that "an individual arrested outside his residence with drugs in his pocket is likely to have stored drugs and related paraphernalia in that same residence." *Id.* at 524. McPhearson filed a motion to suppress, and the trial court granted it, deciding the warrant to search for the drugs was factually sparse, and did not establish a nexus between the reason for the police presence at Appellant's home (the execution of an arrest warrant for assault), and the need to search his home solely based on a baggie of cocaine found in his pocket.

**{¶26}** The Sixth Circuit Court of Appeals agreed with the trial court. The court examined the four situations in *Leon* when the good faith exception is negated, and held that the third *Leon* factor applied. The court determined the affidavit was so lacking in

Case No. 24 MA 0016

indicia of probable cause that it was unreasonable to rely upon it for the search. The affidavit did not allege McPhearson was selling drugs or that there existed indications of drug dealing, such as heavy traffic to and from the house. The affidavit did not contend that 6.9 grams of cocaine was a quantity large enough for resale. Most importantly, the affidavit did not allege "anything else tying McPhearson or his home to any criminal activity other than personal possession of crack cocaine (and the simple assault for which he was arrested)." *Id.* at 527.

**{¶27}** The lesson from *McPhearson* is that an affidavit can be so "bare bones" that it fails to show any nexus at all between the place to be searched and the crime under investigation. To avoid being labeled as "bare bones," an affidavit must contain more than suspicions or conclusions. *State v. Schubert*, 2022-Ohio-4604, ¶ 10, citing *United States v. Christian*, 925 F.3d 305, 312 (6th Cir. 2019). The affidavit must show some reasonable connection between the illegal activity being investigated and the place to be searched. *Id.*

**{¶28}** In the instant case, there are a number of factors linking Appellant's apartment to criminal activity. There were indications two crimes were committed, and possibly three, if Emery had tampered with evidence. The domestic violence suspect, Dent, was "concealing" himself in Appellant's apartment, while a different person exited the apartment and attempted to dispose of a firearm and bullets. That second person (Emery) was found to have cocaine in his pocket, and implicated others in the apartment when he was caught with cocaine and a firearm. Soon afterward, Dent emerged from the apartment. The apartment's resident, Appellant, was present with others in the apartment. He did not consent to a search of his apartment, thus prompting the police to

obtain a search warrant. Detective Stepuk testified that all these factors, considered together, indicated to police that further evidence of domestic violence and/or possession of drugs were likely to be found in the apartment.

**{¶29}** The affidavit in this case is not "bare bones" as in *McPhearson*. It alleged there were numerous links between Appellant's home and two different kinds of criminal activity. The nexus between the place to be searched and the criminal activity was clearly set forth in the affidavit. *McPhearson* does not support reversal in this appeal.

**{¶30}** Appellant seems to place special emphasis on the fact that a bedroom in Appellant's apartment was padlocked. This fact was not mentioned in the affidavit, could not have been considered by the issuing judge, and is irrelevant in this appeal. Even if it were, the fact that Appellant's apartment had a padlocked room would work against Appellant's argument, as it would indicate there was a place that Appellant wished to keep secret or hidden. A search warrant may be based on the fact that drug traffickers and drug distributors frequently maintain hidden places or compartments within their residences. *State v. Oloff*, 2012-Ohio-6048, ¶ 4 (2d Dist.). This is also true if the hidden compartment is in a motor vehicle. *State v. Nevarez-Reyes*, 2017-Ohio-2610, ¶ 13 (2d Dist.). The existence of a secret or hidden room in Appellant's apartment, which apparently may have been seen during the safety sweep the police made of the apartment, would only have added support to the existence of probable cause to issue the warrant.

**{¶31}** For all of the above, Appellant's two arguments under this assignment of error are not persuasive. The assignment of error is overruled.

Conclusion

**{¶32}** Appellant contends the trial court should have granted his motion to suppress because the affidavit supporting the search warrant leading to his arrest was not based on sufficient evidence of probable cause. The judge issuing the warrant based its decision solely on the affidavit filed in support. Whether there was probable cause for the warrant must be reviewed solely on the facts and circumstances in the four corners of the affidavit. The affidavit contained facts setting out the commission of two crimes, both of which are directly connected to activities that were occurring in Appellant's apartment. Even if the affidavit was insufficient to show probable cause, the evidence stemming from that warrant would have been allowed under the good faith exception to the exclusionary rule. For both of these reasons, the trial judge correctly overruled Appellant's motion to suppress. Appellant's assignment of error is overruled and his conviction and sentence are affirmed.

Robb, P.J. concurs.

Dickey, J. concurs.

---

For the reasons stated in the Opinion rendered herein, Appellant's assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**