JOURNAL ENTRY AND OPINION
{¶ 1} Angel Glass appeals from a sentence imposed by Judge Kathleen A. Sutula after she pleaded guilty to attempted felonious assault.[1] She claims the judge failed to make the required finding before imposing a prison term longer than the statutory minimum, and that she failed to consider relevant statutory guidelines before imposing sentence. We vacate the sentence and remand for resentencing.
 {¶ 2} On July 2, 2003,[2] then eighteen-year-old Glass intervened in a fight involving her brother, and someone struck her in the face. After the altercation ended she called her boyfriend, Deshon Baker, and enlisted his help in defending her and her brother. Baker and three others went to the home of Glass's assailant and another fight began. Bobby Davis, an off-duty East Cleveland police officer, saw this fight and attempted to break it up, and Baker shot him five times.
 {¶ 3} Glass, her brother, and Baker were indicted as co-defendants and charged with felonious assault and attempted aggravated murder,[3] along with firearm specifications[4] and a peace officer specification.[5] Glass pleaded guilty to an amended indictment that charged her with attempted felonious assault, a third degree felony, and deleted the specifications, and the State nolled the attempted aggravated murder charge. The judge sentenced Glass to three years in prison, and advised her that a three-year period of post-release control was part of the sentence. Glass states two assignments of error, which are included in an appendix to this opinion.
 {¶ 4} In her second assignment, Glass claims the judge failed to consider all the statutory sentencing factors listed in R.C.2929.12. A judge is required to consider both aggravating and mitigating factors and, even though the judge may consider factors other than those listed, the listed factors must be considered prior to imposing sentence.[6]
 {¶ 5} Glass claims the judge failed to consider mitigating factors such as her age, the fact that she was pregnant at the time of sentencing, her lack of criminal history, and the fact that she was not present at the time of the offense and was not the principal offender. She has not specified which of the statutory factors this evidence would have satisfied, but her lack of criminal history, cognizable under R.C. 2929.12(E)(1) and (2), was expressly acknowledged and rejected. Her age and pregnancy could be considered relevant factors, but these factors are not expressly included in R.C. 2929.12, nor is their consideration clearly implicated by any of the listed factors.
 {¶ 6} The facts of the offense might be considered mitigating under either R.C. 2929.12(C)(4) or 2929.12(E)(4), but Glass has not specifically argued that either applies. R.C. 2929.12(C)(4) requires the judge to consider whether there are "substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." Under R.C.2929.12(E)(4), the judge must consider whether "[t]he offense was committed under circumstances not likely to recur."
 {¶ 7} A judge is not required to expressly consider, on the record, each of the factors listed in R.C. 2929.12, and we will not vacate a sentence unless the record clearly and convincingly shows a failure to consider those factors.[7] A silent record raises a presumption that the judge considered the required factors and, therefore, a defendant must establish the failure to follow statutory guidelines.[8] This does not mean that the defendant must show an express refusal to consider relevant factors, but the showing must point to facts and circumstances in the record that demonstrate the judge's failure.[9] On the record and argument presented here, we are unable to find, by clear and convincing evidence, that the judge failed to consider relevant mitigating evidence.
 {¶ 8} The record does show, however, that the judge improperly cited Glass's exercise of a constitutional right as an aggravating factor. The judge stated that she believed Glass exhibited a lack of remorse because she refused to testify against Baker. The use of this circumstance as an aggravating factor is improper.
 {¶ 9} A defendant retains the right against self-incrimination through sentencing,[10] and it is inappropriate to punish a defendant for the exercise of a constitutional right.[11] Because Glass's case was still pending at the time of her co-defendant's trial, she had a constitutional right to avoid self-incrimination at that time. Therefore, by citing Glass's refusal to testify as an aggravating factor in sentencing, the judge's application of statutory sentencing guidelines was contrary to law. The second assignment is sustained.
 {¶ 10} Glass also claims the judge failed to make the required findings before deciding to impose a prison term, and before imposing a prison term greater than the statutory minimum for a third degree felony. We first note that the judge was not required to make an express finding before imposing a prison term instead of community control sanctions for a third degree felony. Glass argues that the finding necessary when imposing a prison term for a fourth degree felony should be applied here,[12]
but the statute unambiguously limits the necessity for such findings to fourth and fifth degree felonies and, therefore, we decline to make such a rule.
 {¶ 11} R.C. 2929.14(B) states that an offender who has not previously served a prison term is entitled to a presumption that the minimum term is sufficient.[13] Before imposing a greater sentence, the judge must make a finding that the minimum term "will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."[14]
 {¶ 12} At the sentencing hearing, the judge first determined that community control sanctions were not appropriate to the seriousness of the offense, and she then considered what prison term to impose. The judge recognized that the minimum term was one year, but stated, "I believe one year would demean the seriousness of everything[.]" This statement shows that the judge considered imposing the minimum term and rejected it after making a proper finding. Although Glass also argues that the judge failed to cite reasons for rejecting the minimum, findings under R.C. 2929.14(B) do not require accompanying reasons.[15]
Therefore, the judge satisfied the requirements of Ohio statutory law.
 {¶ 13} We note, however, the recent United States Supreme Court decision in Blakely v. Washington, which states that the "statutory maximum" is not the longest term the defendant can receive under any circumstances, but is "the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant."[16] The jury did not make a finding that the minimum term would demean the seriousness of Glass's conduct or would not adequately protect the public from future crime, nor did Glass admit to either finding. Although we take no position at this time concerning whether Blakely applies to the departure from minimum sentencing in R.C. 2929.14(B), or whether the findings required in that statute are comparable to the "deliberate cruelty" finding discussed in Blakely, such issues can be raised on remand
 {¶ 14} The first assignment is overruled with respect to Ohio law, but is sustained pending the application of Blakely.
 {¶ 15} The sentence is vacated and remanded for resentencing.
 APPENDIX — ASSIGNMENTS OF ERROR {¶ 16} "I. The trial court erred in failing to make a findinggiving reasons for the sentence imposed where the offender hadnot previously served a prison term and plead [sic] guilty to athird degree felony.
 {¶ 17} The trial court failed to consider the statutorysentencing factors when it imposed defendant's sentence."
It is ordered that appellant recover of appellee costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction has been reversed and vacated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 Dyke, J., Concurs in Judgment Only.
 Rocco, J., Dissents (See Dissenting Opinion Attached).
[1] R.C. 2903.11, 2923.02.
[2] The State's brief and parts of the record list the date of the offense as June 30, 2003, but the indictment states that it occurred on July 2, 2003.
[3] R.C. 2903.01, 2923.02.
[4] R.C. 2941.141, 2941.145.
[5] R.C. 2903.11(B).
[6] R.C. 2929.12(A); State v. Arnett, 88 Ohio St.3d 208, 213,2000-Ohio-302, 724 N.E.2d 793.
[7] R.C. 2953.08(G)(2).
[8] State v. Gaid, Cuyahoga App. No. 80873, 2002-Ohio-5348, at ¶ 11.
[9] See, e.g., State v. Mateo, 150 Ohio App.3d 489,2002-Ohio-6852, 782 N.E.2d 131, at ¶ 3-5 (record did not show consideration of statutory factors, and also indicated that sentence was based solely on defendant's status as an illegal alien).
[10] Mitchell v. United States (1999), 526 U.S. 314, 321,119 S.Ct. 1307, 143 L.Ed.2d 424.
[11] See, e.g., State v. Scalf (1998), 126 Ohio App.3d 614,620-621, 710 N.E.2d 1206 (improper to punish defendant for exercising right to trial).
[12] R.C. 2929.13(B)(2).
[13] State v. Edmonson, 86 Ohio St.3d 324, 326,1999-Ohio-110, 715 N.E.2d 131.
[14] Id.; R.C. 2929.14(B)(2).
[15] Edmonson, 86 Ohio St.3d at 326.
[16] (2004) 124 S.Ct. 2531, 159 L.Ed.2d 403.