OPINION
{¶ 1} Defendant-appellant, Charles Todd, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to eight years incarceration following his guilty plea to one count of second-degree child endangering. Because the trial court did not abuse its discretion in sentencing defendant before he was psychologically examined, we affirm. *Page 2 
 {¶ 2} Defendant was indicted on February 21, 2006 on one count of felonious assault, one count of second-degree child endangering, and one count of third-degree child endangering. On September 12, 2006, pursuant to a negotiated plea agreement, defendant withdrew his former plea of not guilty and entered a guilty plea to one count of second-degree child endangering in violation of R.C. 2919.22. In exchange for the plea, the state entered a nolle prosequi on the remaining counts in the indictment. The trial court accepted defendant's plea, found him guilty, and ordered a presentence investigation ("PSI") report. The trial court also ordered a psychological evaluation pursuant to defense counsel's request.
 {¶ 3} Defendant appeared for sentencing on November 2, 2006. The completed PSI report was made part of the record, but the record does not contain any psychological evaluation. At the conclusion of the hearing, the trial court sentenced defendant to a maximum of eight years in prison.
 {¶ 4} Defendant timely appeals his sentence, assigning three errors:
 ASSIGNMENT OF ERROR #1
 THE TRIAL COURT'S SENTENCE OF MORE THAN THE MINIMUM SENTENCE AND THE MAXIMUM SENTENCE WAS CONTRARY TO LAW BECAUSE THE TRIAL COURT FAILED TO CONSIDER THE REQUIRED STATUTORY CRITERIA AND PRINCIPLES PURSUANT TO OHIO REV. CODE §§ 2929.11
AND 2929.12 AND THE SENTENCE IS NOT SUPPORTED BY THE RECORD.
 ASSIGNMENT OF ERROR #2
 THE TRIAL COURT DID NOT HAVE THE STATUTORY AUTHORITY TO IMPOSE CONSECUTIVE SENTENCES WHEN THE IMPOSITION OF THIS SENTENCE VIOLATED THE DEFENDANT'S SIXTH AMENDMENT AND DUE *Page 3 
PROCESS RIGHTS UNDER THE UNITED STATES CONSTITUTION AND THE EQUIVALENT RIGHTS UNDER THE OHIO CONSTITUTION.
 ASSIGNMENT OF ERROR #3
 THE TRIAL COURT'S SENTENCE VIOLATED THE RULE OF LENITY.
 {¶ 5} With leave of court, defendant filed two supplemental assignments of error, as follows:
 ASSIGNMENT OF ERROR #4
 THE TRIAL COURT FAILED TO HAVE A PSYCHOLOGICAL EVALUATION DONE PRIOR TO PASSING SENTENCE, EVEN THOUGH IT ORDERED SUCH AN EVALUATION AT THE PLEA HEARING, THEREBY VIOLATING APPELLANT'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW UNDER THE U.S. CONSTITUTION AND UNDER SIMILAR SECTIONS OF THE OHIO CONSTITUTION[.]
 ASSIGNMENT OF ERROR #5
 TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY ALLEGELY [SIC] NOT MAKING OBJECTIONS TO THE TRIAL COURT'S SENTENCE, INCLUDING WHEN THE TRIAL COURT PROCEEDED TO SENTENCING IN THE ABSENCE OF IT HAVING OBTAINED AND REVIEWED THE PSYCHOLOGICAL EVALUATION THAT IT HAD ORDERED AT THE PLEA HEARING[.]
 {¶ 6} According to the facts set forth at the plea hearing and in the PSI report, Janelle Alexander lived with defendant and his minor children. Sometime between January 11, 2006 and February 11, 2006, one of the children, D.T., damaged the sofa with a pair of scissors. Defendant and Alexander punished D.T. by repeatedly striking him *Page 4 
with a belt. Alexander then ordered the child's sister, G.T., to run the bath water "as hot as it could go"; Alexander placed D.T. in the bathtub. (September 12, 2006 plea hearing, 5.) Although D.T. screamed that the water was too hot, Alexander forced him to stay in the bathtub. Defendant ultimately extricated D.T. from the bathtub, but D.T.'s skin was so badly damaged it began to fall off the lower part of his body.
 {¶ 7} Neither defendant nor Alexander sought professional medical treatment for D.T., allegedly because they feared losing custody of the children. Defendant treated D.T.'s wounds with over-the-counter medications. Approximately two weeks after the incident, a babysitter discovered D.T.'s injuries and reported them to the police. Because D.T.'s injuries were left untreated for two weeks, infection ensued, resulting in D.T.'s losing eight toes.
 {¶ 8} The state acknowledged conflicting evidence as to defendant's whereabouts during the scalding incident. Alexander and G.T. maintained that defendant was present and assisted in placing and restraining D.T. in the bathtub; a third child, C.T., was "vague" about defendant's location. Defendant admitted he struck D.T. with a belt and heard Alexander tell G.T. to draw the bath water "as hot as it could go"; he, however, insisted he was downstairs doing laundry when Alexander placed D.T. in the bathtub.
I. First Assignment of Error {¶ 9} Defendant's first assignment of error asserts the trial court acted contrary to law in imposing more than the minimum sentence, and in fact imposing the maximum sentence, because the trial court failed in four separate ways to adequately address the *Page 5 
purposes of felony sentencing and the factors to be considered in felony sentencing set forth in R.C. 2929.11 and 2929.12.
 {¶ 10} Defendant initially contends his sentence violates R.C.2929.11(B) because it is inconsistent with and disproportionate to the sentence imposed for similarly situated offenders, most notably, his co-defendant, Alexander. Defendant next argues his sentence is "inconsistent," or contrary to law, under R.C. 2929.11(B) because the trial court did not properly consider the mitigating factors set forth in R.C. 2929.12, as evidenced in its failure to ensure the psychological evaluation ordered at the plea hearing was completed and reviewed prior to sentencing. Thirdly, defendant argues the trial court failed to address any of the recidivism factors listed in R.C. 2929.12(D) and (E). Lastly, defendant contends the record does not support the sentence imposed.
 {¶ 11} Pursuant to R.C. 2953.08(G), an appellate court may modify a sentence or remand for resentencing if it clearly and convincingly finds either the record does not support the sentence or the sentence is contrary to law. State v. Webb, Franklin App. No. 06AP-147,2006-Ohio-4462, at ¶ 11, citing State v. Maxwell, Franklin App. No. 02AP-1271, 2004-Ohio-5660. This court recently held that R.C. 2953.08(G) requires us to continue to review felony sentences under the clear and convincing standard in post-Foster cases. State v. Burton, Franklin App. No. 06AP-690, 2007-Ohio-1941, at ¶ 19. "In applying the clear and convincing as contrary to law standard, we would `look to the record to determine whether the sentencing court considered and properly applied the [non-excised] statutory guidelines and whether the sentence is otherwise contrary to law.'" Id., quoting State v. Vickroy, Hocking App. No. 06CA4, 2006-Ohio-5461, at ¶ 16. *Page 6 
 {¶ 12} Defendant was sentenced after the Supreme Court of Ohio decidedState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The Foster court excised as unconstitutional portions of Ohio's felony sentencing scheme that required trial courts to make findings and give reasons when imposing maximum, consecutive, or non-minimum sentences. As a result, the court held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Trial courts, however, are still required to comply with R.C.2929.11 and 2929.12. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 38.
 {¶ 13} The overriding purposes of felony sentencing must guide a court that sentences an offender for a felony. R.C. 2929.11(A). Those purposes "are to protect the public from future crime by the offender and others and to punish the offender." Id. To carry out those purposes, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. Thus, a felony sentence "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing" set forth in R.C. 2929.11(A). R.C. 2929.11(B). The sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." Id.
 {¶ 14} In addition to the factors set forth in R.C. 2929.11, a trial court must consider the seriousness and recidivism factors outlined in R.C. 2929.12(B), (C), (D), and *Page 7 
(E) to ensure that a sentence complies with the overriding principles of felony sentencing enunciated in R.C. 2929.11. R.C. 2929.12(A); State v.Arnett (2000), 88 Ohio St.3d 208, 213. R.C. 2929.12(A) allows the trial court to also consider "any other factors that are relevant" to the principles of felony sentencing.
 {¶ 15} "A silent record raises a presumption that the judge considered the required factors and, therefore, a defendant must establish the failure to follow statutory guidelines." State v. Glass, Cuyahoga App. No. 83950, 2004-Ohio-4495, at ¶ 7, citing State v. Gaid, Cuyahoga App. No. 80873, 2002-Ohio-5348, at ¶ 11. "This does not mean that the defendant must show an express refusal to consider relevant factors, but the showing must point to facts and circumstances in the record that demonstrate the judge's failure." Glass, at ¶ 7.
 {¶ 16} Here, the trial court's sentencing entry expressly states that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." This court held such language in a court's judgment entry belies a defendant's claim that the trial court failed to consider the purposes of felony sentencing as required in R.C. 2929.11 and 2929.12. State v.Daniel, Franklin App. No. 05AP-564, 2006-Ohio-4627, at ¶ 50. See, also,State v. Braxton, Franklin App. No. 04AP-725, 2005-Ohio-2198, at ¶ 27
(stating that "a rote recitation by the trial court that it has considered applicable factors under R.C. 2929.12 is sufficient for the trial court to satisfy its duty"); State v. Sharp, Franklin App. No. 05AP-809, 2006-Ohio-3448, at ¶ 6 (observing that a judgment entry stating the court considered the purposes and principles of sentencing *Page 8 
supports a conclusion that a trial court considered requisite statutory factors prior to the sentencing of the defendant).
 {¶ 17} Defendant nonetheless contends the trial court's failure to ensure that the psychological evaluation ordered at the plea hearing was completed and reviewed prior to sentencing demonstrates the trial court's failure to consider defendant's mitigating evidence of a brain injury and the resulting diminished capacity he suffered after a 2002 industrial accident. R.C. 2929.12(C)(4) requires the trial court to consider, as indicating that the conduct is less serious than conduct normally constituting the offense, whether there are "substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 18} After accepting defendant's guilty plea, the trial court ordered a presentence investigation at the joint request of the parties. Defense counsel requested a psychological evaluation of defendant for purposes of mitigation. The trial court appears to have approved a psychological evaluation to be performed through court channels. The court scheduled the sentencing hearing for November 2, 2006, seven weeks after the guilty plea hearing and noted that if the psychological evaluation were not completed by that time, the sentencing would have to be postponed.
 {¶ 19} On November 1, 2006, defendant filed a sentencing memorandum in support of mitigation. In it, defendant set forth a detailed personal history, including the fact that he suffers from seizures resulting from serious head injuries he sustained in the 2002 industrial accident. In the course of the memorandum, defendant discussed the seriousness factors in R.C. 2929.12(B) and (C) and the recidivism factors in R.C. *Page 9 2929.12(D) and (E). In particular, defendant contended under R.C.2929.12(C)(4) that the court had "substantial grounds to mitigate [his] conduct" because his brain injury and learning disability rendered him incapable of recognizing that Alexander's directive to run the bath water "as hot as possible" could cause severe injuries to his son. Defendant further argued that the recidivism factors tipped in his favor because he is genuinely remorseful for the incident, the incident was not drug or alcohol related, he does not have a juvenile or felony record, and, other than two misdemeanor convictions, he has led a law-abiding life.
 {¶ 20} At the sentencing hearing, defense counsel referenced the sentencing memorandum, and the trial court indicated the court received it. Defense counsel asserted that while Alexander orchestrated the scalding incident, defendant assumed full responsibility for his actions as the children's primary caretaker. Defense counsel maintained that defendant's extremely passive nature allows him to succumb easily to the wishes and pressures of others and ultimately led to his failure to seek medical treatment for D.T. Defense counsel also noted the PSI report failed to mention defendant's 2002 industrial accident and the resulting brain injury. Specifically, defense counsel stated defendant suffers from seizures, "slight brain damage," and "some diminished capacity" due to the brain injury. (November 2, 2006 sentencing hearing, 6.)
 {¶ 21} Following statements from defendant, the state, and D.T.'s biological mother, the trial court sentenced defendant to eight years incarceration, the maximum penalty for a second-degree felony. In support of its sentence, the court noted that defendant beat D.T. with a belt, was present in the house during the scalding incident, *Page 10 
and, though he heard D.T. screaming, did not come to his aid for an extended period of time. The court characterized D.T.'s injuries as "gruesome" and "excruciatingly painful" and noted that defendant did not seek medical treatment for those injuries for two weeks. Id. at 15. The court opined that in addition to his physical injuries, D.T. undoubtedly suffered emotional trauma "every minute that he laid there and wondered why his father and Miss Alexander had done that to him, whether he was going to die, whether his skin was going to fall off." Id. at 15. The court further averred that defendant's statements contained in the PSI report convinced the court that defendant had not accepted the gravity of his actions. The court concluded that anything less than the maximum penalty would put D.T. and defendant's other children at risk both emotionally and physically.
 {¶ 22} Initially, we note that in referencing defendant's industrial accident and resultant brain injury, defense counsel stated only that those issues were "something that I would have liked to have shown in a psychological evaluation had it been taken care of." Id. Defendant does not contend that defense counsel's statement rises to the level of an express objection; indeed, defense counsel's failure to object is the subject of defendant's fifth assignment of error. As defense counsel failed to object to the absence of the psychological evaluation and did not request a continuance pending the submission or completion of the report, defendant has waived all but plain error on appeal. State v.Moreland (1990), 50 Ohio St.3d 58, 62. Plain error is an obvious error or defect in the trial court proceeding that affects a substantial right. Id. Plain error does not exist unless it can be said that but for the error, the outcome of the proceedings would clearly have been otherwise. Id. We find no plain error here. *Page 11 
 {¶ 23} No statutory mandate entitles a defendant to a psychological evaluation prior to sentencing. State v. Rogers, Cuyahoga App. No. 80304, 2002-Ohio-3418, at ¶ 17. Indeed, "a defendant has no absolute right to an independent psychiatric evaluation." Id., citing State v.Marshall (1984), 15 Ohio App.3d 105, 107. Further, R.C. 2929.12(C)(4) does "not require `* * * that any certain weight be given to potentially mitigating circumstances; instead, the trial court, in exercising its sentencing discretion, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" State v. Andrukat, Stark App. No. 2002CA00352, 2003-Ohio-2643, at ¶ 39, quoting State v. Pitt, Wyandot App. No. 16-02-01, 2002-Ohio-2730. See, also, State v. Wobbler (Apr. 23, 2002), Putnam App. No. 12-01-13.
 {¶ 24} From this record, we cannot conclude the trial court did not consider defendant's brain injury and its resulting impact upon defendant's reasoning ability. The sentencing memorandum includes references to defendant's industrial accident and resulting brain injury, and the record indicates the trial court apparently considered that memorandum. (November 2, 2006 sentencing hearing, 2-3.) Moreover, defense counsel raised the issue during his mitigation argument at the sentencing hearing. The fact that the court did not expressly mention defendant's brain injury during sentencing or in its sentencing entry does not persuade us that the trial court did not consider it. The court was free to assign the weight to be afforded defendant's psychological issues.
 {¶ 25} Further, defendant fails to adequately explain how his "slight brain injury" and "diminished capacity" affected his ability to comprehend the severity of D.T.'s injuries and the consequences of his failure to obtain immediate medical attention for D.T. *Page 12 
Indeed, the PSI report indicates that defendant understood Alexander put D.T. in scalding hot water and he did not report the incident. At the sentencing hearing, defendant assumed "full responsibility for the action that took place," id. at 7, and indicated that prior to the accident, he provided his children with a proper living environment. In none of those contexts did defendant assert that his "slight brain injury" or "diminished capacity" in any way affected his reasoning ability or rendered him incapable of understanding his parental responsibilities or the consequences of his actions.
 {¶ 26} Apart from the mitigating factors under R.C. 2929.12(C), defendant also contends the trial court did not adequately address the recidivism factors in R.C. 2929.12(D) and (E). R.C. 2929.12 does not require the sentencing court to state on the record that it considered the statutory criteria or discussed them. Sharp, supra, at ¶ 4 citingState v. Polick (1995), 101 Ohio App.3d 428, 431. Even so, the trial court stated in its judgment entry that it considered the R.C. 2929.12
factors, a statement supporting the conclusion that the trial court considered the requisite statutory factors prior to sentencing defendant. Moreover, the record reveals the trial court considered the sentencing memorandum that sets forth defendant's arguments regarding the recidivism factors and heard defense counsel's recidivism arguments at the sentencing hearing. In addition, the trial court considered the PSI report, and it includes information pertaining to the recidivism factors. Defendant's contentions regarding the recidivism factors are not supported in the record.
 {¶ 27} Defendant further contends his sentence violates R.C.2929.11(B) because it is inconsistent with and disproportionate to the sentence imposed for similarly situated *Page 13 
offenders, most notably, his co-defendant, Alexander. The parties stipulated to supplementing the record on appeal with certified copies of the plea transcript, sentencing memorandum, sentencing transcript, and judgment entry from Alexander's underlying case before the Franklin County Common Pleas Court, as well as the PSI report that is part of the record on appeal in Alexander's appeal before this court. Those materials reveal that Alexander pled guilty to one count of second-degree felonious assault in violation of R.C. 2903.11 and was sentenced to the maximum eight-year term of imprisonment. Defendant argues his sentence should be less than Alexander's sentence because she placed and held D.T. in the scalding water, and he ultimately liberated D.T. from Alexander's punishment.
 {¶ 28} This court addressed the consistency requirements of R.C.2929.11 in State v. Battle, Franklin App. No. 06AP-863, 2007-Ohio-1845, stating that consistency "does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors." Id. at ¶ 24, citing State v. King, Muskingum App. No. CT06-0020,2006-Ohio-6566, at ¶ 23, citing State v. Ryan, Hamilton App. No. C-020283, 2003-Ohio-1188, at ¶ 10. An appellate court's task "is to examine the available data, not to determine if the trial court has imposed a sentence that is in lockstep with others, but to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although offenses may be similar, distinguishing factors may justify dissimilar sentences."Battle, at ¶ 24. *Page 14 
 {¶ 29} Because the state indicated at the plea hearing that Alexander and G.T. maintained defendant assisted in placing and restraining D.T. in the bathtub, the record contains some factual basis for finding defendant and Alexander equally culpable for the scalding. Even if defendant did not take part in the actual scalding, it is undisputed that he beat D.T. with a belt and did not immediately rescue D.T. even after he heard D.T.'s cries for help. In addition, as the court noted, defendant's most egregious behavior was his failure to seek medical treatment for his own child following the incident. While defendant seeks to diminish his culpability, he admitted culpability for the harm D.T. suffered when he entered a guilty plea to child endangering. SeeState v. Green, Ashtabula App. No. 2005-A-0069, 2006-Ohio-6695, at ¶ 39.
 {¶ 30} Lastly, we note that a defendant has no substantive right to a particular sentence within the range the statute authorizes. State v.Templeton, Richland App. No. 2006-CA-33, 2007-Ohio-1148, at ¶ 98, citingGardner v. Florida (1977), 430 U.S. 349, 358, 97 S.Ct. 1197. Defendant cites no precedent, or any other authority, for reversing an otherwise valid sentence on grounds that a more culpable co-defendant was not punished more severely. State v. Ashley, Lake App. No. 2006-L-134,2007-Ohio-690, at ¶ 39. The trial court could appropriately impose on defendant the same sentence given to Alexander.
 {¶ 31} Defendant also contends his sentence is "inconsistent," or contrary to law, within the meaning of R.C. 2929.11(B), because the trial court failed to properly consider the factors and guidelines in R.C. 2929.11 and 2929.12. As we have already determined *Page 15 
that the trial court properly considered those guidelines and factors, defendant's argument is without merit.
 {¶ 32} Finally, citing his minimal criminal record, Alexander's primary role in the incident, and his alleged diminished capacity, defendant contends the record does not support the sentence imposed. The trial court considered the record before it, as well as the PSI report, and found the seriousness of the case and the severity of D.T.'s injuries, both emotional and physical, outweighed defendant's mitigation. Defendant does not dispute that the sentence the trial court imposed is within the statutory range for the offense, see R.C.2929.14(A)(2), and we cannot say the trial court inappropriately sentenced defendant to the maximum on the facts of his crime, despite his minimal criminal record.
 {¶ 33} In the final analysis, defendant has not demonstrated by clear and convincing evidence that the record does not support his sentence, or that the sentence is otherwise contrary to law. Accordingly, defendant's first assignment of error is overruled.
II. Second Assignment of Error {¶ 34} Defendant's second assignment of error contends theFoster court's severance remedy, as applied to his case, violates due process and ex post facto principles against retroactivity. We disagree.
 {¶ 35} We note initially that defendant did not raise any constitutional objections to his sentence at the trial court level. "`Constitutional arguments not raised at trial are generally deemed waived.'" State v. Brown, Franklin App. No. 06AP-718, 2007-Ohio-1701, at ¶ 4, quoting State v. Trewartha, Franklin App. No. 05AP-513,2006-Ohio-5040, *Page 16 
at ¶ 28. Notwithstanding defendant's waiver, this court recently reiterated its rejection of defendant's constitutional argument. State v.Hudson, Franklin App. No. 06AP-335, 2007-Ohio-3227, at ¶ 25, citingState v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899, at ¶ 18. The second assignment of error is overruled.
III. Third Assignment of Error {¶ 36} Defendant's third assignment of error contends the rule of lenity requires the trial court to impose a minimum sentence. Again, defendant did not advance the argument in the trial court and thus waived it on appeal. We, however, will briefly address the issue. The rule of lenity, set forth in R.C. 2901.04(A), is a principle of statutory construction. It provides that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." Defendant acknowledges that the rule applies "only when there is an ambiguity in a statute or conflict between statutes." Hudson, supra, at ¶ 27.
 {¶ 37} Since Foster, defendant argues, legal commentators have opined that ambiguity exists in the sentencing statutes, and specifically whether sections like R.C. 2929.14(B) and 2929.14(C) continue to be relevant in determining the reasonableness of sentences. Defendant, however, cites no decision from either the Ohio Supreme Court or this court adopting such view. Indeed, this court recently reiterated that it rejects the argument defendant espouses. Id., citing State v.Henderson, Franklin App. No. 06AP-645, 2007-Ohio-382, at ¶ 10. Therefore, the third assignment of error is overruled.
IV. Fourth Assignment of Error *Page 17 {¶ 38} Defendant's fourth assignment of error contends the trial court's failure to ensure that the psychological evaluation ordered at the plea hearing was completed prior to sentencing violated his right to due process and equal protection.
 {¶ 39} Because defendant failed to object to the absence of the psychological evaluation and did not request a continuance pending the submission or completion of the report, defendant waived all but plain error on appeal. Defendant has not demonstrated plain error in the trial court's decision to sentence defendant without the psychological evaluation. As noted in our resolution of the first assignment of error, a defendant is not entitled to a psychological evaluation prior to sentencing. Further, defendant raised his claims of brain injury and diminished capacity in his sentencing memorandum and at the sentencing hearing. The trial court apparently considered the memorandum, and it heard defendant's statements in mitigation, including references to defendant's industrial injury. Assuming the psychological evaluation documented defendant's injury and diminished capacity, the report would have been cumulative. Further, this record does not demonstrate the trial court would have imposed a lesser sentence had the evaluation been completed for sentencing. The trial court was unwavering in its conviction that the seriousness of the offense, defendant's egregious behavior, and the extensive injuries D.T. suffered warranted the maximum sentence.
 {¶ 40} The record also refutes defendant's claim that the trial court's failure to obtain the psychological evaluation constituted a breach of the plea agreement. Defendant's plea was not conditioned upon the trial court's promise to order a psychological evaluation. Defendant requested an evaluation only after the plea was *Page 18 
accepted. See State v. Johnson (Apr. 10, 1991), Montgomery App. No. 12206 (noting that "[although Johnson indicated at the time he entered his plea that he had been an abused child himself and hoped to get some professional help, and his counsel requested a psychological evaluation and information from Montgomery County Children's Services, it is clear that the court's obtaining such information was not a condition of Johnson's entering his plea of guilty"). Accordingly, the fourth assignment of error is overruled.
V. Fifth Assignment of Error {¶ 41} Defendant contends in his fifth assignment of error that trial counsel rendered ineffective assistance in failing to object when the trial court imposed sentence in the absence of the psychological report.
 {¶ 42} Ineffective assistance of counsel occurs when defense counsel substantially violates his or her essential duties, and the lapse prejudices defendant. State v. Lytle (1976), 48 Ohio St.2d 391, 396-397. A court may first consider whether defendant was prejudiced before reaching the violation of duties issue. State v. Bradley (1989),42 Ohio St.3d 136, 143. To demonstrate prejudice, the defendant must show a reasonable probability that but for counsel's errors, the result would have been different. Id. at 142. Reasonable probability means "sufficient to undermine confidence in the outcome."
 {¶ 43} Defendant contends a psychological evaluation would have aided in the mitigation of punishment. Defendant's argument is speculative at best. As noted, the trial court was well aware of defendant's mitigation arguments at the time of sentencing. Nonetheless, the trial court determined that the maximum sentence was warranted, given *Page 19 
the seriousness of the offense and the gravity of D.T.'s injuries. The record before us fails to support defendant's contention that the trial court would have imposed a lesser sentence had it obtained and reviewed a psychological evaluation. See State v. Pempton, Cuyahoga App. No. 80255, 2002-Ohio-5831 (holding that defense counsel's failure to request a psychiatric evaluation of defendant prior to sentencing did not constitute ineffective assistance).
 {¶ 44} Because the record on appeal fails to demonstrate the requisite prejudice, the avenue for defendant's addressing that aspect of his ineffective assistance of counsel claim appears to be a petition for post-conviction relief pursuant to R.C. 2953.21. We, however, express no opinion as to whether defendant can or should pursue such a remedy, or whether, if he did so, he would succeed. The fifth assignment of error is overruled.
 {¶ 45} For the foregoing reasons, defendant's first, second, third, fourth and fifth assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 BROWN and McGRATH, JJ., concur. *Page 1