DECISION AND JUDGMENT
{¶ 1} Appellant, Duane Crum, appeals his conviction entered by the Sandusky County Court of Common Pleas in the above-captioned case. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On March 2, 2007, appellant was indicted on ten counts of unlawful sexual conduct with a minor, all felonies of the fourth degree. On October 2, 2007, appellant pled guilty to one of the ten counts in the indictment. Pursuant to the plea agreement, the *Page 2 
state moved to dismiss the remaining nine counts. A presentence investigation report was ordered, and a sentencing date was scheduled. On December 10, 2007, appellant was sentenced to serve 18 months in prison for the aforementioned offense.
 {¶ 3} Appointed counsel for appellant has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738, which sets forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. Pursuant toAnders, if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. In addition, counsel must furnish his client with a copy of the brief and request to withdraw and must allow the client sufficient time to raise any matters that he or she chooses. Id. Once these requirements have been satisfied, the appellate court must conduct a full examination of the proceedings held below in order to determine whether the appeal is, in fact, frivolous. Id. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and may dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. Id.
 {¶ 4} In the instant case, appellant's counsel represents that, after carefully reviewing the transcript consisting of the record on appeal, and after researching case law *Page 3 
and statutes relating to potential issues, he was unable to find any meritorious appealable issues. He does, however, set forth the following potential assignment of error:
 {¶ 5} I. "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT/DEFENDANT BY SENTENCING HIM TO THE MAXIMUM SENTENCE."
 {¶ 6} In addition, appellate counsel represents that, concurrent with the filing of his motion to withdraw, he mailed a copy of his brief to appellant.
 {¶ 7} We find that, in the case before us, appellate counsel has satisfied the requirements set forth in Anders, supra. Further, appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, we shall proceed with an examination of the potential assignments of error set forth by appellate counsel and of the entire record below to determine whether this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 8} As indicated above, appellant's potential assignment of error concerns the propriety of his maximum sentence.
 {¶ 9} R.C. 2929.14(A)(4) provides that "[f]or a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." Accordingly, appellant's sentence of 18 months in prison was within the statutory range.
 {¶ 10} Under State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no *Page 4 
longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., at paragraph seven of the syllabus. After Foster, sentencing courts are to continue to consider the statutory considerations and factors set forth in R.C. 2929.11 and 2929.12, as these statutes do not include a mandate for judicial fact finding. State v. Moats, 6th Dist. No. WM-07-011,2008-Ohio-3840, ¶ 15.
 {¶ 11} R.C. 2929.11 provides that the purposes of felony sentencing "are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). To carry out these purposes, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. A felony sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
 {¶ 12} R.C. 2929.12 provides that a trial court, in fashioning its sentence, must also consider certain enumerated seriousness and recidivism factors. In addition, the statute provides that a sentencing court "may consider any other factors that are relevant to achieving" the purposes and principles of sentencing. R.C. 2929.12(A).
 {¶ 13} "A silent record raises a presumption that the judge considered the required factors and, therefore, a defendant must establish the failure to follow statutory guidelines." State v. Glass, 8th Dist. No. 83950, 2004-Ohio-4495, at ¶ 7. "This does not *Page 5 
mean that the defendant must show an express refusal to consider relevant factors, but the showing must point to facts and circumstances in the record that demonstrate the judge's failure." Id.
 {¶ 14} Here, the trial court never expressly stated that it had considered the required factors. Nevertheless, upon our review of the record, we are satisfied that the requisite consideration was made. First, the trial court expressly acknowledged at the sentencing hearing that it had reviewed appellant's presentence investigation report. The presentence investigation report reveals that appellant had committed prior felony offenses, both as a juvenile and as an adult. It additionally reveals that, at the time appellant committed the instant offense, he was still on probation for one of the earlier offenses.
 {¶ 15} In addition, the record establishes that appellant's victim was under the age of 16 at the time the instant offense was committed.
 {¶ 16} Regarding the circumstances under which the crime was committed and the effect that the crime had on the victim, testimony by the victim's mother was as follows:
 {¶ 17} "Duane was homeless and my family and I took him into our home and we treated him as one of our family. * * *.
 {¶ 18} "He was deceitful, manipulative, violent, an alcoholic, used drugs. He violated my daughter. * * *
 {¶ 19} "[The victim], my daughter, was severely depressed, suicidal, hospitalized and medicated because of this. *Page 6 
 {¶ 20} "* * *."
 {¶ 21} Finally, the record shows that the trial court, in its judgment entry setting forth the sentence in this case, expressly found that appellant was not amenable to community control.
 {¶ 22} On the basis of this record, we cannot conclude that the trial court failed to follow the statutory guidelines. See Glass, supra.
 {¶ 23} Accordingly, we find that counsel for appellant correctly determined that there was no meritorious appealable issue present with respect to his sole potential assignment of error.
 {¶ 24} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and wholly frivolous. Appellate counsel's motion to withdraw is found well-taken and is hereby granted.
 {¶ 25} For all of the foregoing reasons, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
 JUDGMENT AFFIRMED. *Page 7 
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1