DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas that found appellant guilty of one count of sexual battery and imposed a five year term of imprisonment. For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} Appointed counsel Andrew R. Mayle has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In his brief filed on appellant's behalf, appointed counsel sets forth a single proposed assignment of error. In support of his request to withdraw, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any appealable issues.
 {¶ 3} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. InAnders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 4} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. *Page 3 
 {¶ 5} Accordingly, this court shall proceed with an examination of the potential assignment of error proposed by counsel and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 6} The facts relevant to the issue raised on appeal are as follows. On October 3, 2007, appellant was indicted on two counts of rape pursuant to R.C. 2907.02(A)(1)(b) and one count of sexual battery pursuant to R.C. 2907.03(A)(1). On June 24, 2007, appellant entered a plea of guilty pursuant to North Carolina v. Alford (1970), 400 U.S. 25, to one count of sexual battery, a third-degree felony. After advising appellant and inquiring of him as required by Crim. R. 11, the trial court accepted his guilty plea. The trial court then ordered a presentence investigation and report. On August 25, 2008, appellant was sentenced to five years imprisonment and classified as a Tier III sex offender.
 {¶ 7} Appointed counsel asserts, as a potential assignment of error, that the five-year maximum sentence was not supported by the record. This court has reviewed the entire record of proceedings in the trial court, including the transcript of appellant's plea hearing and sentencing. At sentencing, the state explained to the court that the victim's family agreed to the plea in order to spare the victim, who was nine years old at the time of the offense, the trauma of testifying at trial on the three original charges. The state noted the victim's age and the fact that appellant was a family member whom the victim had known since she was two years old. Defense counsel emphasized the fact that appellant had no prior criminal record. Additionally, the trial court heard an impact *Page 4 
statement prepared by the victim's family. The court noted that it had reviewed the presentence investigation report, listened to the victim's statement, and considered the seriousness of the offense. Finally, we note that appellant's sentence is within the statutory range for a third-degree felony. The trial court is vested with full discretion to impose any sentence within the statutory range without any corollary requirement to issue specific reasons or findings prior to imposing the sentence. See State v. Crum, 6th Dist. No. S-08-002, 2008-Ohio-5506, ¶ 10. Based on the foregoing, this court is unable to find that appellant's sentence was not supported by the record. Appellant's proposed assignment of error is found not well-taken.
 {¶ 8} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1