[Cite as *State v. Horton*, 2014-Ohio-2785.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

     Plaintiff-Appellee,              :

                                                    No. 13AP-855

v.                                               :      (C.P.C. No. 12CR-10-5069)

Markee Horton,                                   :      (REGULAR CALENDAR)

     Defendant-Appellant.             :

---

D E C I S I O N

Rendered on June 26, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

*Barnhart Law Office, LLC*, and *Robert Barnhart*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Markee Horton ("appellant"), appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to jury verdicts finding him guilty of aggravated murder and tampering with evidence. Because we conclude that the trial court did not commit plain error with respect to the verdict forms or jury instructions related to the charge of aggravated murder, and that appellant was not prejudiced by his trial counsel's failure to object to the verdict forms or jury instructions, we affirm.

{¶ 2} This case arises from the killing of Charles Rogers ("Rogers") on August 18, 2012. Lindsay Jennings ("Jennings"), who was dating appellant at the time, testified at trial that she and appellant had plans to go out together on August 18, 2012. When

appellant arrived at Jennings' home, he asked Jennings to drive him to his mother's house in his car, a red Mustang. During the drive, appellant indicated that, earlier in the day, he had been robbed of prescription drugs that he planned to sell. Jennings testified that after reaching his mother's house, appellant spoke with his brother, Rufus Horton ("Rufus"), and retrieved a handgun. Appellant then instructed Jennings to drive to Mount Vernon Avenue. Jennings stated that Rufus followed in a black car. During the drive, appellant called his nephew and asked whether Rogers still lived near Mount Vernon Avenue and 22nd Street.

{¶ 3} Jennings testified that, after reaching Rogers' home, where Rogers and his girlfriend, Tonya Robinson ("Robinson") were on the porch, both appellant and Rufus exited their vehicles and went onto the porch. After appellant and Rufus arrived, Rogers pushed Robinson into the house. Jennings indicated that both appellant and Rufus made statements about Rogers having stolen from appellant. Jennings testified that Rufus put a gun to Rogers' head and pulled the trigger, but the gun would not fire. Appellant then punched Rogers in the face, and Rogers ran off the porch. Jennings stated that appellant fired a single shot at Rogers' back, and Rogers fell to the ground. Appellant then got back into the red Mustang and indicated that he had just shot Rogers. He directed Jennings to drive back to her house. Jennings testified that appellant later stripped the red Mustang and abandoned it. She further testified that, four days after the shooting, appellant had her drive him to a park, where he threw the gun into a pond.

{¶ 4} Two other eyewitnesses also testified at trial regarding the shooting. Robinson, who knew both appellant and Rufus prior to the incident, testified that Rufus, not appellant, fired the shot that struck Rogers in the back. Christina Ross ("Ross"), who was in the area to drop off her niece, testified that she saw a red car and a black car pull up to Rogers' house, with one man getting out of each car. Ross did not specifically identify appellant or Rufus but testified that the man who had gotten out of the red car attempted to shoot Rogers in the head, but the gun would not fire. She further testified that the other man, who had been in the black car, shot Rogers in the back.

{¶ 5} Following a jury trial, appellant was found guilty of aggravated murder with a firearm specification and tampering with evidence. The trial court entered a judgment sentencing appellant to a total term of imprisonment of 20 years to life.

{¶ 6}    Appellant appeals from the trial court's judgment, assigning three errors for this court's review:

> 1. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT DID NOT PROVIDE THE JURY WITH SEPARATE VERDICT FORMS FOR AGGRAVATED MURDER AND COMPLICITY TO AGGRAVATED MURDER.
>
> 2. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT DID NOT INSTRUCT THE JURY THAT IT MUST BE UNANIMOUS AS TO WHETHER THE DEFENDANT WAS THE PRINCIPAL OFFENDER OR COMPLICIT.
>
> 3. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 7}    In his first assignment of error, appellant asserts that the trial court erred by not providing the jury with separate verdict forms for finding appellant guilty of aggravated murder as the principal offender or as an accomplice. At the close of trial, the state argued that appellant could be convicted of aggravated murder as the principal offender if the jury concluded that he shot Rogers, or as an aider and abettor who was complicit in the crime if the jury concluded that Rufus shot Rogers. The trial court instructed the jury that it could find appellant guilty as a principal offender or as an aider and abettor to an offense. With respect to the charge of aggravated murder, the jury was presented with three verdict forms: (1) guilty of aggravated murder, (2) not guilty of aggravated murder but guilty of the lesser-included offense of murder, and (3) not guilty of aggravated murder or the lesser-included offense of murder. Appellant's counsel did not object to the jury verdict forms; therefore, we apply the plain-error standard. *State v. Jackson*, 92 Ohio St.3d 436, 444 (2001). "Plain error does not exist unless it can be said that but for the error, the outcome of the proceedings would clearly have been otherwise." *State v. Todd*, 10th Dist. No. 06AP-1208, 2007-Ohio-4307, ¶ 22.

{¶ 8}    Under the principle of complicity or accomplice liability, an individual may be found guilty if he solicits, aids, abets or conspires with another individual to commit an offense and shares the criminal intent of an individual who commits the principal offense. *State v. Johnson*, 93 Ohio St.3d 240 (2001), syllabus; *State v. Moore*, 10th Dist. No. 2010-Ohio-4322, ¶ 17. The accomplice's intent may be inferred from the circumstances

surrounding the crime. *Johnson* at syllabus. The prohibition against complicity is codified in R.C. 2923.03. "A charge of complicity may be stated in terms of [R.C. 2923.03], or in terms of the principal offense." R.C. 2923.03(F). "Thus, a defendant charged with an offense may be convicted of that offense upon proof that he was complicit in its commission, even though the indictment is 'stated * * * in terms of the principal offense' and does not mention complicity." *State v. Herring*, 94 Ohio St.3d 246, 251 (2002).

{¶ 9} Appellant argues that aggravated murder and complicity to aggravated murder are different crimes and that, therefore, the trial court committed plain error by not providing separate verdict forms allowing the jury to find appellant guilty of aggravated murder as the principal offender or as an accomplice. Appellant claims that the single verdict form allowing the jury to find appellant guilty of aggravated murder, without specifying whether he was the principal offender or an aider and abettor, permitted the jury to return a general verdict and violated the requirement of a unanimous jury verdict under Crim.R. 31(A).

{¶ 10} Other appellate districts have concluded in similar cases that a trial court is not required to provide separate jury verdict forms for the principal offense and complicity to that offense. In *State v. Lewis*, 11th Dist. No. 2012-L-074, 2013-Ohio-3974, the Eleventh District Court of Appeals concluded that, because a charge of complicity may be stated in terms of violation of R.C. 2923.03 or in terms of the principal offense, the failure to require the jury to distinguish on the verdict form whether the defendant was found guilty as the principal offender or as an aider and abettor did not constitute plain error. *Id.* at ¶ 83-84. Similarly, both the Sixth and Seventh District Courts of Appeals have concluded that it was not plain error to provide a single verdict form, rather than separate forms, to find a defendant guilty as a principal offender or as an accomplice. *See State v. Alexander*, 6th Dist. No. WD-02-047, 2003-Ohio-6969, ¶ 67-70; *State v. Beshara*, 7th Dist. No. 07 MA 37, 2009-Ohio-6529, ¶ 74-77. We reach the same conclusion. As explained above, a charge of complicity may be stated as a violation of R.C. 2923.03 or in terms of the principal offense. In this case, appellant was indicted on a charge of aggravated murder. Although there was disputed evidence at trial as to whether appellant or Rufus fired the shot that killed Rogers, there was additional evidence that whichever of the brothers did not fire the fatal shot had attempted to shoot Rogers in the head but

failed because the gun would not fire. Moreover, there was testimony that appellant went to his mother's house to retrieve a gun and spoke with Rufus immediately before they both went to Rogers' house. This evidence would allow the jury to conclude that appellant either committed the principal offense of aggravated murder or aided and abetted his brother in committing the offense. Under these circumstances, we cannot conclude that the trial court's failure to provide separate jury verdict forms for aggravated murder and complicity to aggravated murder constitutes plain error such that the outcome of the proceedings would clearly have been otherwise if separate forms had been provided. *See Todd* at ¶ 22.

{¶ 11} Accordingly, we overrule appellant's first assignment of error.

{¶ 12} In his second assignment of error, appellant argues that the trial court erred by failing to instruct the jury that it was required to reach a unanimous verdict as to whether appellant was guilty of aggravated murder as the principal offender or as an aider and abettor. Appellant argues that the instructions violated the requirement of a unanimous jury verdict pursuant to Crim.R. 31(A). Because appellant did not object to the jury instructions, we also review this assignment for plain error. *Jackson* at 444.

{¶ 13} The Supreme Court of Ohio and this court have previously held in similar cases that a trial court did not commit plain error by not instructing the jury that it was required to reach a unanimous verdict as to whether the defendant was the principal offender or an aider and abettor. *State v. Stojetz*, 84 Ohio St.3d 452, 458-59 (1999); *State v. Husband*, 10th Dist. No. 02AP-1097, 2003-Ohio-2279, ¶ 37-46. In *Stojetz*, the Supreme Court concluded that the trial court did not commit plain error by failing to specifically instruct the jury that it was required to reach a unanimous verdict as to whether the defendant was the principal offender or an aider and abettor to the crime of aggravated murder. *Id.* at 458. The Supreme Court noted that the defendant could have been convicted as a principal offender under R.C. 2903.01(A) or as an aider and abettor under R.C. 2923.03(A). *Id.* Similarly, in *Husband*, this court rejected a claim that the trial court erred by failing to instruct the jury separately on principal and accomplice liability for the charge of felonious assault. *Id.* at ¶ 37. The court found that there was sufficient evidence to conclude that the defendant acted as the principal offender in the felonious assault and that he also acted with the necessary culpability in aiding and abetting others in inflicting

serious physical harm on the victim. *Id.* at ¶ 45. Therefore, no plain error existed with respect to the jury instructions. *Id. See also State v. Kajoshaj*, 8th Dist. No. 76857 (Aug. 10, 2000) (holding that trial court did not err by not instructing jury that unanimous verdict was required to convict defendant as principal offender or as aider and abettor); *State v. Musgrave*, 5th Dist. No. 98CA10 (Apr. 24, 2000) (holding that trial court did not err by not instructing jury that they must unanimously agree on whether defendant was the principal offender or an aider and abettor).

{¶ 14} In this case, as in *Stojetz*, appellant was charged with aggravated murder in violation of R.C. 2903.01. There was conflicting evidence as to whether appellant fired the shot that killed Rogers. However, uncontroverted testimony from Jennings demonstrated that appellant went to his mother's house to speak with Rufus and retrieve a gun before traveling to Rogers' house. This evidence, if believed, demonstrated that, if appellant was not the principal offender, he aided and abetted his brother in the commission of the crime. Therefore, this is not a case where, but for the alleged error, the outcome of the proceedings would clearly have been different. *Todd* at ¶ 22. Moreover, although the trial court did not expressly instruct the jury that it was required to be unanimous as to whether appellant was the principal offender or an aider and abettor, the court generally instructed the jury that it was required to reach a unanimous verdict on each charge. *See State v. Price*, 8th Dist. No. 90308, 2009-Ohio-3503, ¶ 20 ("In his seventh proposed assignment of error, Price argues that the trial court erred because the instructions did not require the jury to agree unanimously on alternative theories of a principal offender or an aider and abettor. Nevertheless, the record is replete with the trial court's instructions to the jury that they were required to reach a unanimous verdict."). Under these circumstances, the lack of a specific instruction that the jury must reach a unanimous verdict as to whether appellant was the principal offender or an aider and abettor does not constitute plain error.

{¶ 15} Accordingly, we overrule appellant's second assignment of error.

{¶ 16} In his third assignment of error, appellant argues that his trial counsel provided ineffective assistance by failing to object to the verdict forms and the jury instructions. The two-prong test for ineffective assistance of counsel requires a defendant to prove (1) that counsel's performance was deficient, and (2) that the deficient

performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

{¶ 17} Assuming for purposes of analysis that appellant could establish deficient performance by his counsel, he still must demonstrate that it resulted in prejudice to him. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id.* at 142, quoting *Strickland* at 694.

{¶ 18} The Eighth District Court of Appeals considered a similar issue in *Price*, where an appellant sought to reopen his appeal, arguing, in part, that his appellate counsel provided ineffective assistance by failing to raise an assignment of error claiming that the trial court's instructions did not require the jury to agree unanimously as to whether he was the principal offender or an aider and abettor. *Price* at ¶ 20. The Eighth District rejected this argument, noting that the record contained numerous instructions to the jury that they were required to reach a unanimous verdict. Further, at the appellant's request, the trial court had polled the jury and confirmed that their verdict was unanimous. *Id.* The court reasoned that the appellant was not prejudiced by his appellate counsel's failure to raise this issue. *Id. See also State v. Scott*, 8th Dist. No. 81235, 2003-Ohio-5374, ¶ 27 (concluding that counsel did not provide ineffective assistance by failing to object to lack of unanimity or complicity instructions because neither instruction was required and the outcome of the trial would have been the same).

{¶ 19} Appellant argues that, if his trial counsel had objected to the verdict forms or jury instructions, there was a reasonable probability that at least one juror would have found appellant not guilty or been unable to reach a verdict, due to the conflicting testimony about the identity of the shooter. However, as discussed above, the testimony was clear that one assailant attempted to shoot Rogers in the head before the other individual shot him in the back. Further, the testimony was also clear that appellant

retrieved a gun and spoke with his brother prior to going to Rogers' house. The evidence presented at trial, taken as a whole, supported a conclusion that appellant was guilty of aggravated murder, either as the principal offender or as an accomplice.  In this case, as in *Price*, the trial court polled the jury at appellant's request, confirming that the jury's verdict was unanimous. Appellant has failed to demonstrate a reasonable probability that the outcome of the trial would have been different if his counsel had objected to the verdict forms or the jury instructions. Thus, we reject appellant's ineffective assistance of counsel claim.

{¶ 20} Accordingly, we overrule appellant's third assignment of error.

{¶ 21} For the foregoing reasons, we overrule appellant's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and O'GRADY, JJ., concur.

_____